(Reap. Dec. 10059)

INNOCENTI CORPORATION v. UNITED STATES

Entry Nos. 31763; 37445; 37816.

(Decided August 9, 1961)

*Siegel, Mandell & Davidson* for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for reappraisement enumerated in the schedule, attached to and made a part of this decision, present the question of the proper value for dutiable purposes of certain motorscooters, plus extras.

The parties hereto have submitted the appeals for decision on a stipulation of fact which reads as follows:

That the merchandise covered by the appeals for reappraisement set forth in the Schedule attached hereto and made a part hereof consists of motorscooters, plus extras, exported from Italy during 1959.

That at the times of export such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Italy for home consumption or for export to the United States nor was it freely offered for sale to all purchasers in the principal market of the United States for domestic consumption.

That "cost of production" as defined in Section 402a (f) of the Tariff Act of 1930 for such merchandise at the time immediately preceding the date of exportation was as follows:

For Model 150/LI—Lira 121,375.00, plus extras, as invoiced, net.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the instant motorscooters, plus extras, and that said value is as follows:

> For Model 150/LI—Lira 121,375.00, plus extras,
> as invoiced, net.

As to all other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.